## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 14-01133 EAG |
| COAST CARIBBEAN RECYCLING, INC., | CHAPTER 7 |
| DEBTORS. | FILED & ENTERED ON 09/05/2014 |

## OPINION AND ORDER

This case has pending a motion requesting modification of the stay filed by Coast Metals, Inc., Daniel Khodorkovsky, and Westclair, Inc. to continue litigation until judgment of three pending cases where the debtor is a party and which are currently stayed in the federal and state courts in Puerto Rico. [Docket No. 30.] The debtor opposes the movants' request. [Docket No. 39.] At the preliminary hearing held on July 22, 2014, the court ordered the debtor to submit a legal memoranda on whether it, as an insolvent chapter 7 corporate debtor, has standing to oppose the movants' request for modification of the automatic stay. [Docket No. 45.] The court stated in its order that if it found that debtor had no standing, the motion requesting modification of the stay would be considered as unopposed. [Docket No. 45.] As ordered, the debtor filed its legal memoranda on standing and the movants their response thereto. [Docket Nos. 48 & 51.] After having considered the parties' arguments, the court finds that the debtor has no standing to oppose the movants' request.

It is well settled that a chapter 7 debtor generally lacks standing to appeal an order granting relief from the automatic stay. Arroyo v. Scotiabank de Puerto Rico (In re Arroyo), 489 B.R. 486, 488 (B.A.P. 1st Cir. 2013); Aja v. Emigrant Funding Corp. (In re Aja), 442 B.R. 857

(B.A.P. 1st Cir. 2011). The appointment of a chapter 7 trustee divests a chapter 7 debtor of all right, title and interest in nonexempt property of the estate. Spenlinhauer v. O'Donnell, 261 F.3d 113, 118 (1st Cir. 2001). "Since title to property of the estate no longer resides in the chapter 7 debtor, the debtor typically lacks any pecuniary interest in the . . . disposition of that property." In re Arroyo, 489 B.R. at 488 (citing In re El San Juan Hotel, 809 F.2d 151, 154-55 (1st Cir. 1987)).

Two exceptions have been established to a chapter 7 debtor's lack of standing: if he could demonstrate either that "(1) a reasonable possibility of a surplus if the order on appeal is defeated; or (2) that the appealed order adversely affects his discharge." Id. (citing Marmarinos v. DeGiacomo (In re Marmarinos), 464 B.R. 498, 501 n.1 (B.A.P. 1st Cir. 2012)). But, none of the exceptions applies to this debtor. In the instant case, even the debtor admitted at the preliminary hearing that there is no possibility that the assets would exceed the liabilities, entitling the debtor to a distribution of surplus under section 726(a)(6) Bankruptcy Code.[1] And given that the debtor is a corporation, it is not entitled to a discharge under section 727(a).

If a chapter 7 debtor has no standing to appeal an order granting relief from stay, by the same token, it has no standing to oppose the request for relief in the first place. The debtor has failed to show how its pecuniary interests would be directly and adversely affected by the modification of stay to continue the litigation of the cases until judgment. The fact that the debtor has no desire to spend monies defending a suit is irrelevant. That determination would

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended.

be up to the chapter 7 trustee.  And based on the fact that the chapter 7 trustee has not opposed the request for modification of the stay, there is no reason to assume that the trustee has any intention to spend estate funds to defend the claims.

Creditors can request relief from the automatic stay upon a showing of cause under section 362(d)(1) of the Bankruptcy Code.  When a creditor seeks relief to permit litigation against debtor in another forum, the most important factor is the effect of such litigation on the administration of the estate.  Case law has established numerous factors which may determine whether cause has been established to permit litigation.  In Re Sonnax Industries, Inc., 907 F.2d 1280, 1286 (2nd Cir.1990).

Among the non-exhaustive list of factors which the court may consider in deciding whether there is cause to lift or modify the stay are the following: (1) lack of any connection with or interference with the bankruptcy case; (2) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (3) whether the action primarily involves third parties; (4) the interests of judicial economy and the expeditious and economical resolution of litigation;  (5) whether the parties are ready for trial in the other proceeding; and (6) impact of the stay on the parties and the balance of harms.

The court finds that the modification of the stay would not interfere with the bankruptcy case given that the trustee has not opposed the request and there is no indication from the case docket that the trustee plans to spend any estate assets to defend the lawsuits. Also, at the preliminary hearing the movants indicated that they only intend to prosecute litigation against the debtor as a nominal party.  The court also finds that the Puerto Rico local court is better suited to consider unjust dismissal claims and actions to pierce the corporate

veil under Puerto Rico law. The actions pending before the Puerto Rico federal and local courts primally involve third parties, namely the shareholders of the debtor. Moreover, judicial economy would be best served by the modification of the stay given the procedural stages of the three ongoing proceedings. Finally, given that the debtor will not receive a discharge when this case is closed, the court finds that there is no harm in allowing the ongoing proceedings to continue against the debtor as a nominal party to judgment.

For the reasons discussed above, the motion requesting modification of the stay filed by Coast Metals, Inc., Daniel Khodorkovsky, and Westclair, Inc. [at Docket No. 30] is hereby granted as follows: As indicated by counsel for the movants at the preliminary hearing, the stay is modified so that the movants can continue to judgment the ongoing proceedings in Puerto Rico federal and local courts against the debtor as a nominal party. The stay remains otherwise in full force and effect. The final hearing scheduled for September 9, 2014 is vacated and set aside.

SO ORDERED.

In Ponce, Puerto Rico, this 5th day of September, 2014.

Edward A. Godoy
U.S. Bankruptcy Judge